THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  3:21-CR-126 |
| | :  (JUDGE MARIANI) |
| MICHAEL JONES, JR., | : |
| | : |
| Defendant. | : |

## MEMORANDUM AND ORDER

On April 27, 2021, a federal grand jury indicted Defendant Michael Jones, Jr., in a 10-count Indictment, charging him as follows:

- Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Fentanyl in violation of 18 U.S.C. § 846 (Count 1);

- Possession with Intent to Distribute Cocaine Base in violation of 18 U.S.C. § 841(a)(1) (Counts 2, 4);

- Possession with Intent to Distribute Fentanyl in violation of 18 U.S.C. § 841(a)(1) (Counts 3, 5);

- Possession with Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 841(a)(1) (Count 6);

- Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c) (Count 7);

- Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (Count 8);

- Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) (Count 9);

- Maintaining a Drug Involved Premises in violation of 21 U.S.C. § 856(a)(2) (Count 10).

(Doc. 1).[1]

Trial is now scheduled to commence on December 2, 2024.

On November 1, 2024, Defendant Jones filed three motions in limine, seeking to preclude the following evidence at trial: (1) Statements of Anica Cruz (Doc. 207), (2) Jones' Criminal History (Doc. 209), and the testimony of A.B. (Doc. 211). The motions are now ripe for resolution.

The Court notes at the outset that it exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Although "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. . . [, t]he trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (internal citations omitted). Further, while motions *in limine* may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260). In addition, "motions in limine

---

[1] Counts 1, 2, and 4 of the Indictment were amended on June 15, 2022, to reflect that the cocaine seized from Jones' vehicle and residence was cocaine, not cocaine base. (*See* Doc. 21).

often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).

It is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). *See also*, *Luce v. United States*, 469 U.S. 38, 41-42 (1984) (". . . even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Here, Defendant's first motion in limine (Doc. 207) requests that the Court preclude statements by Anica Cruz, who is deceased, including a videotaped statement of Cruz which was made during the March 15, 2021 search of 325 High Street, in Wilkes-Barre, PA, as well as a recorded telephone conversation between Cruz and Jones made "shortly after" the search. (Doc. 207, ¶ 5). Jones asserts that this evidence constitutes inadmissible hearsay, is testimonial in nature and inadmissible pursuant to the Confrontation Clause where Ms. Cruz is deceased, is "irrelevant and immaterial", and should further be excluded pursuant to Federal Rule of Evidence 403. (*See* Docs. 207, 208). In response to Defendant's motion, the Government states that it "does not intend to introduce any statements made by Anica Cruz in its case in chief [but] . . . does reserve the right to introduce statements made by Anica Cruz if Jones opens the door to their relevancy and admissibility during cross examination or presentation of the defense case." (Doc. 213, at 1).

Defendant's second motion in limine (Doc. 209) moves to preclude evidence of Jones' prior conviction for a felony drug offense on the charge of delivery/possession with intent to deliver a controlled substance in the Court of Common Pleas of Philadelphia County, case number CR-407661-2003, as well as evidence that Jones was on parole at the time of his arrest in the above-captioned case. (Doc. 209, *see also*, Doc. 210). Jones argues that this evidence should be precluded pursuant to Federal Rules of Evidence 404(b) and 403. However, Jones acknowledges that Count 8 of the Indictment charges him with being a Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g) and offers to stipulate "that he has previously been convicted of a crime punishable by imprisonment for a term exceeding one year." (Doc. 210, at 4). Jones further asserts that, for this reason, Count 8 should be bifurcated from the rest of the charges against him. (*Id.*). Based upon Jones's stipulation to the fact that he has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the Government responds that it will present this stipulation during the second phase of the bifurcated trial and will no longer call Jones' state parole officer as a witness and introduce a certified copy of Jones' conviction into evidence. (Doc. 213, at 1-2). However, the Government states that it "reserve[s] the right to introduce Jones's prior record and the fact that he was on state parole on cross examination/rebuttal if Jones testifies or opens the door to the relevancy and admissibility of this evidence during cross examination of government witnesses or presentation of the defense case." (*Id.* at 2).

4

Jones' final *in limine* motion requests that testimony by confidential informant, A.B., that she bought drugs from Jones prior to and up until August of 2020 be precluded because it is outside the time frame of the conspiracy alleged in Count 1 to have commenced in December of 2020. (Doc. 211; *see also*, Doc. 1, at 1-2). Jones asserts that this testimony is irrelevant and should be precluded pursuant to Federal Rules of Evidence 404(b) and 403. (Docs. 211, 212). In response, the Government asserts that it "has no intention of presenting evidence that Jones previously sold drugs to A.B. outside the timeframe of the conspiracy or that he is killing people with his drug dealing." (Doc. 213, at 2). The Government nonetheless "reserves the right to present evidence of Jones's prior drug dealing to A.B. if Jones opens the door to its relevancy and admissibility during cross examination or presentation of the defense case." (*Id.*).

Here, in light of the Government's responses to each of Jones' motions *in limine*, and specifically that it does not intend to offer the evidence that Defendant seeks to preclude absent Jones' opening the door to such evidence, the Court will deny the motions without prejudice. Should the Government attempt to introduce at trial any of the evidence set forth in Defendant's *in limine* motions, and Defendant continues to believe that such evidence is inadmissible pursuant to Rules 404(b) or 403 or any other applicable rule, Defendant Jones is expected to timely raise any objection to that evidence.

**ACCORDINGLY, THIS** \_\_\_20th\_\_\_ **DAY OF NOVEMBER**, for the reasons set forth herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant Jones' Motion in Limine – Statements of Anica Cruz (Doc. 207) is **DENIED WITHOUT PREJUDICE**.

2. Defendant Jones' Motion in Limine – Jones' Criminal History (Doc. 209) is **DENIED WITHOUT PREJUDICE**.

3. Defendant Jones' Motion in Limine – Testimony of A.B. (Doc. 211) is **DENIED WITHOUT PREJUDICE**.

Robert D. Mariani
United States District Judge